**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **TIMOTHY MICHAEL MAIN,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-0203-A |
| **DOUGLAS DRETKE, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Timothy Michael Main, TDCJ-ID #1172258, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.    FACTUAL AND PROCEDURAL HISTORY**

In December 1999, Main was charged by separate indictment in Criminal District Court Number One of Tarrant County, Texas, with various counts of aggravated sexual assault of a child younger than 14 years of age and indecency with a child (Case Nos. 0748845D and 0748846D). (1State Habeas R. at 68; 2State Habeas R. at 68.)[1] On May 10, 2000, Main entered negotiated pleas of guilty to two counts of aggravated sexual assault and two counts of indecency with a child and was placed on ten years' deferred adjudication community supervision. (1State Habeas R. at 70-75; 2State Habeas R. at 69-75.) On March 18, 2003, the state filed a petition to proceed to adjudication of guilt, alleging that Main had gone within 1000 feet of Haltom City Middle School without permission in violation of court order. (1State Habeas R. at 87-88; 2State Habeas R. at 87-88.) On May 29, 2003, after a hearing, the trial court adjudicated Main's guilt for the offenses and sentenced him to forty years' confinement for each aggravated sexual assault offense and twenty years' confinement for each indecency offense, the sentences to run concurrently. (1State Habeas R. at 89; 2State Habeas R. at 89.)

Main appealed the trial court's judgments adjudicating his guilt, but the Second District Court of Appeals dismissed the appeals on February 12, 2004. *Main v. Texas*, Nos. 2-03-238-CR & 2-03-239-CR (Tex. App.–Fort Worth Feb. 12, 2004) (not designated for publication). Main did seek further direct review. On July 22, 2004, Main filed two state applications for writ of habeas corpus, one for each case, raising the claim presented herein, which were denied on September 22, 2004, without written order by the Texas Court of Criminal Appeals on the findings of the trial

---

[1] "1State Habeas R." refers to the record of Main's state habeas Application No. 60,019-01; "2State Habeas R." refers to the record of his state habeas Application No. 60,019-02.

court. *Ex parte Main*, Application Nos. 60,019-01 & 60,019-02. Main filed this petition on March 21, 2006.[2] Pursuant to court order, Dretke has filed a preliminary response addressing the timeliness of the petition, to which Main did not timely reply.[3]

**D.   ISSUES**

Main raises one ground for review, alleging he was denied due process of law because he went to the Haltom City Police Department, located within the prohibited area, in order to comply with the law and order requiring him to register as a sex offender and visit his probation officer. (Petition at 7.)

**E.   STATUTE OF LIMITATIONS**

Dretke argues that Main's petition is barred by the one-year statute of limitations. (Resp't Preliminary Response at 2-6.)  28 U.S.C. §2244 (d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[2]A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the "mailbox rule." *Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002).

[3]Main filed "Petitioner's Brief In Support Of Petition For A Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 And In Reply To Answer And Response Of Respondent" on this date, however, the document was filed outside the time allowed to reply by order dated March 24, 2006.

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because the issue presented relates to the adjudication proceedings, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgments adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A).  For purposes of this provision, the judgments adjudicating guilt became final and the one-year limitations period began to run upon expiration of the time that Main had for filing a petition(s) for discretionary review in the Texas Court of Criminal Appeals on March 15, 2004,[4] and closed on March 15, 2005, absent any tolling.  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Under the statutory tolling provision, Main's state habeas applications operated to toll the

---

[4]30 days from the date Main's appeals were dismissed was March 13, 2004, a Saturday.

limitations period 62 days, making his petition was due on or before May 16, 2005.[5] Main's petition filed on March 21, 2006, is therefore untimely.

## II.  RECOMMENDATION

Main's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 5, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

---

[5] In his untimely reply, Main concedes that his petition was filed out of time, however, he argues that equitable tolling is appropriate because it was necessary for him to enter the prohibited area in order to comply with the court's order to register as a sex offender.  (Pet'r Reply at 9.)  According to Main, this "catch-22" situation presents rare and exception circumstances warranting tolling as a matter of equity.  However, equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor *beyond* the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Delays of the petitioner's own making or mere attorney error or neglect do not qualify.  *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *Counsin*, 310 F.3d at 849.

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 5, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 14, 2006.

                                                  /s/ Charles Bleil  
                                                CHARLES BLEIL  
                                                UNITED STATES MAGISTRATE JUDGE